-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JACQUELINE MENEY SCALES, for E.M.S.,

    Plaintiff,

    -v-

COMMISSIONER of SOCIAL SECURITY,

    Defendant.

**DECISION AND ORDER**
08-CV-6533L

---

Plaintiff Jacqueline Meney Scales, on behalf of her infant daughter E.M.S., has submitted a *pro se* complaint appealing the administrative denial of supplemental Social Security benefits (SSI benefits). Plaintiff has also submitted an affirmation of poverty and seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The affirmation of poverty has been reviewed in accordance with 28 U.S.C. § 1915(a)(1) and, because plaintiff has met the statutory requirements for *in forma pauperis* status, the motion for permission to proceed *in forma pauperis* is granted. The complaint has been reviewed by the Court with respect to the 28 U.S.C. § 1915(e)(2) criteria.

In addition, plaintiff seeks appointment of counsel. In that regard, the Court notes that, as a general rule, a parent who brings a *pro se* claim on behalf of her infant child may not act as the child's representative in the action because she is not an attorney admitted to practice before this Court and therefore may not

proceed *pro se* on behalf of her minor child. See *Cheung v. Youth Orchestra Foundation of Buffalo*, 906 F.2d 59, 61 (2d Cir. 1990); Fed.R.Civ.P. 17(c). Furthermore, as a general rule, an infant plaintiff, as a minor, may not bring an action on her own behalf in federal court. Fed.R.Civ.P. 17(c). However, the Second Circuit has held that "[w]here a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent who brings an SSI appeal on behalf his or her children has a sufficient interest in the case and meets basic standards of competence, ... a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney." *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002). Accordingly, based on our review of the papers before the Court, we find that Jacqueline Meney Scales is properly before the Court in her *pro se* appeal on behalf of her daughter E.M.S. under § 405(g) at this early stage. There is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined. Therefore plaintiff's motion for appointment of counsel is denied without prejudice at this time.

The Court notes that, according to the Notice of Appeals Council Action attached to the complaint, the Appeals Council apparently does not consider this action a final decision, and has therefore not given plaintiff notice of her rights to

2

court review. A federal court has no jurisdiction to review a case that does not have a "final decision," except when the Social Security Administration has made an error of law as to the basis for the dismissal without hearing and/or denial of review thereof. See, *Oquendo v. Commissioner of Social Security*, 98 F.Supp.2d 507 (S.D.N.Y. 2000), citing *Dietsch v. Schweiker*, 700 F.2d 865, 867-869 (2d Cir.1983). However, absent final decision by the Commissioner of Social Security, a district court may still exercise jurisdiction, under the statute permitting action in the nature of mandamus, to compel an officer or employee of United States, or any agency thereof, to perform duty owed to review otherwise unreviewable procedural issues not related to merits of claim for benefits. 28 U.S.C.A. § 1361. For these reasons, at this juncture, the Court declines to dismiss plaintiff's complaint *sua sponte* for lack of jurisdiction.

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendant without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: _Dec 5_, 2008